UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOREL SHOPHAR,

    Plaintiff,

vs.

CAROL GORSKI, et al.,

    Defendants.

_____/

Case No. 17-cv-13322
Hon. Mark A. Goldsmith

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JUNE 5, 2018 (Dkt. 91), (2) OVERRULING PLAINTIFF'S OBJECTIONS THERETO (Dkt. 93), (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 23, 26, 29, 36, 44, 46, 75, 84), (4) SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT (Dkt. 90), (5) GRANTING DEFENDANTS' MOTION FOR A PERMANENT INJUNCTION (Dkts. 50, 56), (6) DENYING PLAINTIFF'S MOTION TO STAY ALL ORDERS AND FOR EX PARTE HEARING (Dkt. 59), (7) DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION (Dkt. 65), AND (8) DENYING PLAINTIFF'S MOTION TO STAY (Dkt. 88)**

  This matter is now before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Stafford (Dkt. 91). Plaintiff Jorel Shophar, proceeding pro se, timely filed objections to the R&R (Dkt. 93), and Defendants Annette Zsenyuk, Christina Gyllenborg, Kansas Legal Services, Carol Gorski, Stephanie Olmstead, and Johnson County, Kansas Board of Commissioners timely filed responses (Dkts. 94, 95, 96, 97, 100). For the following reasons, the Court overrules Shophar's objections, adopts the R&R, and dismisses this case in its entirety. The Court also enters a permanent injunction barring Shophar from filing any new federal actions in the Eastern District of Michigan without obtaining leave of court, as set forth in full below.

  **I.  BACKGROUND**

1

The factual background of this case, along with the applicable standards of review on motions to dismiss, has been adequately set forth in the R&R and need not be repeated here in full. In brief summary, Shophar essentially seeks to challenge a Kansas state court order granting the mother of his two children, Krissy Gorski, custody of their children. He generally alleges that the various Defendants – relatives or friends of Gorski, or state actors in Kansas – violated his constitutional rights and state and federal law.

Eight of the Defendants filed motions to dismiss. See Dkts. 23, 26, 29, 36, 44, 46, 75, and 84. Defendants Judge Christina Gyllenborg and Kansas Legal Services also filed a motion for a permanent injunction (Dkt. 50), asking that the Court impose a prefiling-review requirement against Shophar due to his repetitive and vexatious litigation. Defendant Aubree Ridley also joined in this request (Dkt. 56). Shophar responded with a motion for a permanent injunction to "block all coming hearings, trials, or motions during the litigation of this final case before the court" and to "block all communication with the Plaintiff's parents, and affiliates." See Pl. Mot. for Perm. Inj. at PageID.1642 (Dkt. 65). Shophar also requested an entry of default against Defendant Tracy Swearingin Grady (Dkt. 89); the default was entered on June 4, 2018 (Dkt. 90).

Magistrate Judge Stafford issued an R&R recommending that Court (1) grant the various motions to dismiss, (2) enjoin Shophar from filing further claims without leave of court, (3) set aside the entry of default against Grady, (4) order Shophar to show cause why his conduct has not violated Federal Rule of Civil Procedure 11(b), and (5) deny Shophar's motion to stay the case.[1]

---

[1] Shophar also filed a "motion to stay all orders of Defendant Christina Gyllenborg" and "motion for ex parte hearing to show cause for the Shophar family" (Dkt. 59). This motion was not addressed by the magistrate judge in the R&R but is now denied. This Court cannot stay orders of a Kansas state court judge, for the reasons explained in the R&R. His request for a hearing "to show the Court that the Plaintiff and his current family are indeed residents of the state of Michigan," Mot. at 4, PageID.1570, is also denied, as the residency of Shophar is irrelevant to any of the pending dispositive motions.

2

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

### A. Shophar's objection to the R&R

Shophar's objection does not comply with this District's Local Rules, which require that objections "specify the part of the order, proposed findings, recommendations, or report to which a person objects; and state the basis for the objection." L.R. 72.1(d)(1)(A)-(B).[2] In fact, Shophar does not engage with the R&R at all, opting instead to set forth at length the alleged transgressions of Krissy Gorski (who is not a defendant in this case) and various Defendants. See Pl. Obj. at 5-8, PageID.2301-2304 (Dkt. 93). He then goes on to argue, Defendant by Defendant, how each individual has wronged him and why this Court has jurisdiction, without any reference to the R&R or any attempt to explain why its reasoning is in error. Id. at 8-14, PageID.2304-2310.

For example, Shophar asserts that Judge Gyllenborg's various constitutional violations "fall[] under the jurisdiction of District Courts[,]" that she "stretched her hand in the State of Michigan . . . [and] gave false information in the Court of Law in the territory of the State of

---

[2] Nor does it comply with the directions set forth in Magistrate Judge Stafford's R&R: "Each objection must be labeled as 'Objection #1,' 'Objection #2,' etc., and must specify precisely the provision of this Report and Recommendation to which it pertains." 6/5/2018 R&R at 34, PageID.2281 (Dkt. 91) (emphasis in original).

3

Michigan[,]" and that "[n]o one is above the Law." Id. at 9, PageID.2305. But none of this engages with the magistrate judge's conclusions that Judge Gyllenborg "enjoys absolute immunity from a suit for damages" and that "Shophar['s] reliance on 42 U.S.C. § 1983 in support of his claims for any injunctive relief is unsustainable." R&R at 13-14, PageID.2260-2261. And with respect to Defendant Grady – for whom the magistrate judge recommended setting aside the entry of default judgment, R&R at 20, PageID.2267 – Shophar's "objection" states that she violated the Parental Kidnapping Prevention Act and assisted Krissy Gorski in moving to Michigan. Pl. Obj. at 10-11, PageID.2306-2307. There is no mention of the Magistrate Judge's recommendation.

"The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Watkins v. Tribley, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection.") (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991)).

Shophar's objection does not specify which of the magistrate's conclusions he finds objectionable. Instead, he simply reiterates his claims against each Defendant, emphasizes that each Defendant has some connection to Michigan, and concludes that each "MUST stand Trial"

for his or her alleged actions.  See, e.g., Pl. Obj. at 10, PageID.2306.  This is not sufficient and does not satisfy the form in which an objection must be filed.[3]

Accordingly, the Court will review the R&R for clear error.  See Fed. R. Civ. P. 72, 1983 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); but see Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not

---

[3] Many Defendants nonetheless responded to Shophar's objection (Dkts. 94, 95, 96, 97, 100), and Shophar then filed replies (Dkts. 98, 99, 101, 102, 103).  Neither the Local Rules nor the Federal Rules of Civil Procedure provide a right to file a reply in support of objections to an R&R.  Shophar does not get a second opportunity to file objections, especially objections to which Defendants can offer no response.

At any rate, the replies largely reiterate the same arguments and recount the same alleged factual background as in Shophar's many other filings.  See, e.g., Pl. Reply to Johnson County at 7, PageID.2395 (Dkt. 103) ("Defendant Johnson County [sic] activities and contacts were collective and calculated to cause a negative outcome in the State of Michigan."); Pl. Reply to Gorski at 1-3, PageID.2335-2337 (Dkt. 98) (recounting alleged falsehoods made by Carol and Krissy Gorski).  Some do address the R&R; in his reply to Judge Gyllenborg's response, Shophar argues the R&R "is written as an Appeal without proper protocol, which is a trial – violating 'due process,'" ignores the fact that Krissy Gorski allegedly took their children across state lines, uses citations that were also used in Judge Gyllenborg's briefs, and ignores Shophar's evidence proving that Judge Gyllenborg's orders are void.  Pl. Reply to Gyllenborg at 3-4, PageID.2362-2363 (Dkt. 101); see also Pl. Reply to Olmstead at 5, PageID.2385 (Dkt. 102) ("The report esteemed the illegal orders from Defendant Gyllenborg and embraced the Defendants' legal strategy to recommend a dismissal.").  He also states that Judge Gyllenborg is not immune.  Pl. Reply to Gyllenborg at 7, 12-14, PageID.2366, 2371-2373.  These objections are meritless.  Magistrate Judge Stafford followed proper protocols regarding referral to a magistrate judge.  She did not err in failing to recount the many irrelevant facts alleged by Shophar, nor did she err by relying on case law that was also relied upon by Defendants.  And Magistrate Judge Stafford recognized that this Court has no authority to review orders made by Kansas state courts.  See R&R at 16, PageID.2263.  As to Judge Gyllenborg's immunity, Shophar alleges that Judge Gyllenborg lied, supplied false information, blocked other courts from obtaining jurisdiction over his case, and violated his constitutional rights.  But he offers no reason to find that the magistrate judge's conclusion – that Judge Gyllenborg entered and enforced her orders within her judicial capacity, and is therefore immune even if she acted with partiality, maliciously, corruptly, arbitrarily, or oppressively, R&R at 14, PageID.2261 – is incorrect.

5

conduct a review by any standard."). On the face of the record, the Court finds no clear error and accepts the recommendation, with the exception provided below.

### B. Request for an Injunction

Judge Gyllenborg, Kansas Legal Services, and Ridley have requested that the Court enter a permanent injunction imposing a pre-filing review requirement against Shophar due to his "repetitive and vexatious" litigation. See Defs. Mot. at 2, PageID.1369 (Dkt. 50). Magistrate Judge Stafford recommended granting Defendants' request, finding that his "disturbing litigation conduct" warrants a permanent injunction. R&R at 23, PageID.2270. Shophar does not identify any errors with her reasoning in his objection.

The Court agrees with Magistrate Judge Stafford that a permanent injunction is warranted. Magistrate Judge Stafford extensively reviewed Shophar's serial filing history, observing that he has filed lawsuits "against everyone who has been even tangentially involved in a custody dispute involving Shophar's children." Id. Shophar has filed thirteen lawsuits that arise out of the custody dispute, including three in this district. Id. at 23-24, PageID.2270-2271. The R&R further describes how Shophar has repeatedly been told that his claims are meritless, for the same reasons that Magistrate Judge Stafford recommends that his claims be dismissed: "[A] private litigant has no authority to initiate a criminal action," Shophar v. City of Olathe, No. 15-4961, 2016 WL 4761852, at *6 (D. Kan. Sept. 13, 2016); "[T]his court does not have jurisdiction to issue a ruling which would in effect overturn a final state court judgment as to plaintiffs' child custody, visitation, child support, alimony or protection-from-abuse claims," Shophar v. Johnson Cty., No. 16-4138 (D. Kan.); judges "are absolutely immune from suit, not just the assessment of damages, for such actions," id.; "[N]either general nor specific personal jurisdiction exists," Shophar v. Kansas, No. 16-4043, 2017 WL 1155091, at *8 (D. Kan. Mar. 28, 2017).

6

Magistrate Judge Stafford also observed that Shophar did not bring his claims in good faith; he has been told repeatedly that they have no merit, and yet he continues to pursue them. R&R at 26-27, PageID.2273-2274. She found that Shophar's status as a pro se litigant further weighs in favor of imposing an injunction. Id. at 28, PageID.2275. His claims unnecessarily burden the Court and the other parties – particularly because the actions of which Shophar complains took place in Kansas, and almost all Defendants reside there. Id. at 28-29, PageID.2275-2276. Finally, Magistrate Judge Stafford concluded that, given the fact that monetary sanctions would likely only create further litigation by Shophar, an injunction is a more appropriate sanction. Id. at 29, PageID.2276.

"District courts are obligated to protect themselves from vexatious litigants." Nuckols v. Grace Centers of Hope, No. 07-13735, 2007 WL 4454298, at *3 (E.D. Mich. Dec. 14, 2007) (citing In re McDonald, 489 U.S. 180, 184 n.8 (1989)). Shophar's repeated filings – which, as the R&R notes, are "lengthy" and "riddled with salacious accusations and religious scripture that have no bearing on the merits of his case," R&R at 28-29, PageID.2275-2276 – draw the Court's time away from resolving legitimate legal disputes. The Court agrees with the recommendation that an injunction imposing a pre-filing requirement for Shophar should issue.

### C. Request for sanctions

In her motion to dismiss, Defendant Zsenyuk included a request for sanctions, including attorney's fees. See Def. Mot. at 30, PageID.785 (Dkt. 29). Magistrate Judge Stafford noted that a motion for sanctions "must be made separately from any other motion," Fed. R. Civ. P. 11(c)(2), and concluded that, because Zsenyuk filed combined motions, her request for sanctions could not be granted. R&R at 21, PageID.2268. The magistrate judge nonetheless recommended that the Court issue an order requiring Shophar "to show cause why conduct specifically described in the order has not violated Rule 11(b)," Fed. R. Civ. P. 11(c)(3). R&R at 21-22, PageID.2268-2269.

7

The Court declines to issue such an order. A Rule 11 sanction imposed on the court's own initiative is "limited to a penalty payable to the court," Advisory Committee Notes to 1993 Amendments; the Court could not award attorney fees to Zsenyuk under Rule 11. Additionally, a "sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct[.]" Fed. R. Civ. P. 11(c)(4). The Court is entering an injunction preventing Shophar from filing any further complaints without leave of court; this should be sufficient deterrent from making future improper filings.[4]

## IV.   CONCLUSION

For the reasons provided, the Court adopts the Report and Recommendation dated June 5, 2018 (Dkt. 91). Defendants' motions to dismiss (Dkts. 23, 26, 29, 36, 44, 46, 75, 84) are granted, and the default (Dkt. 90) is set aside. Plaintiff's motion to stay all orders of Defendant Gyllenborg and for an ex parte hearing (Dkt. 59), motion for a permanent injunction (Dkt. 65), and motion to stay (Dkt. 88) are denied. This case is dismissed with prejudice.

Defendants' motion for a permanent injunction (Dkts. 50, 56) is granted. This Court enters the following Permanent Injunction:

1. Jorel Shophar is precluded from:

    - filing any new federal actions in the Eastern District of Michigan without obtaining leave of court;

    - filing any civil action that relates in any way to his custody dispute, or that is any way factually or legally connected to the underlying actions, without leave of the court in which he is seeking to file his action;

    - filing any new action in any court whatsoever (state or federal) against any state or federal judge, officer or employee, or court employee, for actions taken in the course of their official duties as a judge, officer, employee, or court employee, without leave

---

[4] The Court also notes that monetary sanctions would likely only create further litigation by Shophar. See Nuckols, 2007 WL 4454298, at *4 ("Because Mr. Nuckols' response to an adverse ruling is to file a suit against its source, no other sanction would serve to protect this Court and other parties.").

of court; and

- filing any new action in any court against the defendants he has attempted to sue in the complaint (17-13322) and petition (17-13900) at issue here without leave of court.

Any action filed by Shophar without leave of court must be stricken.

2. In order to obtain leave to file a new action, Shophar is ordered to:

- file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;

- attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or a sworn affidavit certifying that his complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith;

- identify and list in a second exhibit:

    1. the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file, and

    2. the full caption of each and every suit which he has currently pending; and

- provide, in a third exhibit, a copy of each complaint covered by the preceding paragraph and a certified record of its disposition. He must serve a copy of this order on each defendant if and when leave to serve is granted.

3. Shophar shall append a copy of the Judgment in this action to any new complaint or petition that he may hereinafter file in any court.

4. Nothing in this injunction shall be construed as having any effect on Shophar's ability to defend himself in any criminal action, to appear in a court with competent jurisdiction to hear his custody dispute, or to file a petition for writ of habeas corpus in the event that he is in custody. This final exception does not apply to attempted petitions for habeas corpus on behalf of his minor children.

5. This Court shall retain jurisdiction to modify this injunction as necessary where circumstances may change.

SO ORDERED.

Dated: September 18, 2018         s/Mark A. Goldsmith
Detroit, Michigan                 MARK A. GOLDSMITH
                                  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2018.

s/Karri Sandusky
Case Manager
